Next case is the obvious and the first, Samsung v. Netlist, Ltd., 2025-1378. Mr. Haas, whenever you're seated and ready, please proceed. Thank you, and may it please the Court. This appeal is a different animal. This is a claim construction with de novo review, and there are three key reasons why the Board got the claim construction wrong. First of all, the Board disregarded the ordinary meaning of corresponding to, a broad term that the Board transmuted to is in or is on, depending on where in their opinion you look. The claim language said a data path corresponding to each data signal line. The Board said the data path is in the data signal line or is on the data signal line. That is not the ordinary meaning of corresponding to, as this Court has recognized in other decisions. That's the story. When you look at the entire phrase that follows corresponding to, it's corresponding to each data signal time in the respective data strobe signal lines. Isn't that an explicitly singles out a data signal line from data strobe signal lines? So I'm not clear on why I understand what was wrong with the Board's construction of the term. Corresponding doesn't exist in isolation. It exists with respect to what follows in the sentence. And, Your Honor, we don't disagree that it has to correspond to each data signal line. If we look at Figure 3 of the patent, Your Honor, it actually gives you a good view of what's going on there. And the Figure 3 of the patent would be in the appendix, and that would be at page 87 in the appendix, Your Honor. So if you look at Figure 3, you'll see that there is a group of data signal lines. So I'm looking at the left side of the figure. You'll see the DQ, DQ0, DQ1, all the way down to a DQ. There's a group of them, and they're shown by approximation. When it says a data path corresponding to each, it's referring to the fact that there's a group, right, that it's not a single data signal line operating by itself. There's a group of data signal lines and a corresponding data strobe line shown below them as 324. So corresponding to each is telling us that this is a data path that is functionally related to this group. If we move to Claim 10, we then see that a data path doesn't just hold data signals. Claim 10 expressly says that you can have a data path that holds a data strobe signal, and it's a data strobe signal associated with a memory operation. And that's important because Claim 2 says that the signal, so it's referring to Claim 1, Claim 2 also a dependent claim. The signal in Claim 1 is a signal associated with a second memory operation. So the signal, Claim 2, that's narrower than Claim 1, because it's a dependent claim, captures the signals associated with the second memory operation, which we know from Claim 10 includes the strobe signal. So when you look at the claims as a whole, there's no question that the data path should at least be able to handle data strobe signals. And the board not only disregarded the possibility that it would handle data strobe signals, the board actually said that the data path had to be in the data signal line, which frankly makes no sense in this claim, because the claim has the data path in the buffer, and the buffer is recited to be between the data signal lines and the memory modules, which means it's separate from the data signal lines. But the board said, no, no, it's inside the data signal line. So there's no way for the board's construction to work in the structure of this claim. And certainly when you look at the dependent claims, there's no way for the construction to work with what the data path is supposed to do, because Element 1F of Claim 1 says the data path includes a delay circuit that delays a signal. And then as I pointed out, Claims 2 and 10 tell you that signal doesn't have to be the data signal. If they had wanted to, they could have written a claim that said a data signal path. Well, I think one of Netflix's response to your Claim 10 argument is that the strobe signal carrying data path in Claim 10 is an additional data path, not the one referenced in Claim 1. And that seems to me like a perfectly reasonable reading of those two claims. But they're not taking into account Claim 2, Your Honor. If you look, Claim 2 is dependent on Claim 1. It refers to the signal. So it's talking about the signal in Claim 1 that's on that data path, right, the Claim 1 data path. And it says the signal is a signal associated with the second memory operation, right? So that's kind of a broad – it's not really a Marcuse group, right? But it's a group of signals. Claim 10 tells us the strobe signal is a signal associated with the second memory operation. It expressly says that. So you can't – if you read Claim 1 as having an unnamed negative limitation of no strobe signals, then Claim 2 would make no sense because Claim 2 is dependent, right? It's supposed to narrow Claim 1. Well, first, let me be clear. Nobody's saying there's no negative limitation. The board was reading the language in Claim 1 corresponding to et cetera. They weren't saying – they were saying that's what it covers, not that it disassociates itself from the strobe. Well, respectively, there – Which I think is a fair reading, but I'm listening to what you're saying. I appreciate that, Your Honor. On various occasions, quite a few, the board expressly says that their construction is no strobe signals. They say that. When they're applying the claim, I'll point you to – I believe it's on page 40 of the opinion. Well, no strobe signals because it's another way of saying corresponding to something other than strobe signals. That doesn't compel a negative limitation. I'm not understanding this negative limitation. Your Honor, under this Court's law, corresponding to is a broad term. It's not equivalent to. Yeah, but it's read in the context of the words that follow it. That's right. So it needs to correspond to the data signal line, and the patent specification shows the data signal lines and the strobe corresponding to each other. They work together in this circuit. So that data strobe signal corresponds to that data signal line. It means nothing by itself. It's the strobe signal that tells you when to sample the signals on the data signal line. So it corresponds to those signals on the data signal line. The strobe signal by itself does you no good. If it doesn't correspond, it wouldn't have any function in the memory circuit whatsoever. And that's why the data path that corresponds carries a strobe signal because that strobe signal corresponds to the memory signal. So when my memory signal, say, goes high to show what's in my memory cell, the strobe signal tells me, check it at this time. If the strobe signal wasn't corresponding to the memory signal, we wouldn't know what to check at the point in time we received the strobe signal. But because it does correspond, because, as is undisputed, they are in a tight timing relationship, the strobe signal tells me something very important about the memory, the data signal. That's why they correspond. And that's certainly within the Broadcom meaning of correspondence that this court put forward in the Broadcom case. So to try to say that the data signal is a data path or a data signal path is taking language that's not in the claim and creating a conflict with claims 2 and 10. The data path cannot be that narrow, or 2 and 10 make no sense. And it would, of course, take corresponding to and substitute the words is in. Because that's what the board did. The board took corresponding to a data signal line and said is in the data signal line. The board did that at page 17 where it says that is, it is a data path that is in the data signal line. It did it again on page 18. The data path as recited in claim 1 is in the data signal line. And then when it was applying the claims on page 40, it said a data path as claimed. That is on a data signal line. Those are expressions of equivalence, not questions of correspondence, not language showing correspondence. And that's where the board erred. All this court would need to do is to instruct the board that it is not equivalent. Data path, data signal line are different things in this claim. There just needs to be correspondence between them and have the board reassess the prior art without requiring that the data path is in the data signal line. Well, doesn't on appendix page 41, doesn't the board really use the correspond to language that you seem to be articulating and arguing to us? I felt like right there in that paragraph, it does use the correspond to language. And it feels a little bit like you're overly parsing some of these other pages you point us to in terms of you potentially creating an issue with the board's construction. So, Your Honor, the board addressed claim construction earlier in the decision, pages 17 and 18. And there it tells us what it means by corresponds to. So on page 17, for example, the board says that it says corresponds to and then says that is, it is a data path that is in the data signal line. So what we're seeing here is the board saying, this is what we mean by corresponds to. We mean is in. Later in the opinion, it uses the corresponds to language, but it's already told us from its claim construction portion what it means. And the specific point you point to, Judge Cunningham, on page 40, you can see why that's true, right? Page 21. Oh, sorry, page 21. You're right. So I think you're looking perhaps at the last paragraph, again, as discussed. That's correct. It says claim one requires that the recited data path correspond to the data signal lines carrying the data signals, which previously on 17 and 18 says is in. And then it says not to strobe signal lines carrying strobe signals. So it has said data path corresponds to means is in, so it can't have strobe signals, no strobe signals. And it frankly says no strobe signals on 40, says it again on 42, says it again on 69 to 70. Every time it applies the data path language, it applies this exclusive view that because the data path is in or at one point it says is on, the data signal lines, no other signal can be on the data path, especially, importantly, the strobe signal. Counsel, my signal to you is that you're into your rebuttal time. You can continue or save it. Well, if there are no other questions, I'll save it. But, of course, I want to respond to any questions there are. But I'm happy to sit down, Your Honor, and continue in rebuttal. Mr. Milliken. Thank you, Your Honors, and may it please the Court. The Board construed the data path of Claim 1 at Appendix 24 to mean the path that corresponds to data signal lines carrying data signals and not to strobe signal lines carrying strobe signals. That construction is supported by every level of the Philips claim construction analysis, and Samsung's contrary arguments fail at every level of the Philips analysis. Let's start with the claim language. The claim recites a buffer that is coupled to a respective set of data strobe signal lines, and then it specifically calls out the data path, quote, All agree that data signal lines accommodate only data signals, not strobe signals. Strobe signals have their own signal lines. And so the claim is specifying that the data path of interest is the one through which the data signals, not the strobe signals, travel. Under Samsung's position, the phrase each data signal line in the corresponding to clause does no work. It's completely meaningless. And that is a glaring sign that Samsung's construction is wrong. Now let's go to other claims, and in particular Claim 10, which my friend mentioned. Claim 10 supports our construction, not Samsung's, because it shows that when the patentee meant to call out a data path specifically corresponding to a strobe signal, it did so. That's what Claim 10 does. Claim 1 doesn't do that. And what about Claim 2, because your friend also threw in Claim 2. Claim 2 also supports our construction because Claim 2 depends from Claim 1 and uses the phrase the data path, referring back to Claim 1 for antecedent basis. So that's the data path over which data signals travel. Claim 10, in contrast, uses a first data path and a second data path, which makes clear that those are two new data paths, one on which strobe signals travel, one on which data signals travel. And I want to emphasize one point that I think underlies a lot of Samsung's arguments. They seem to be fixated on the idea that the phrase data path in isolation could accommodate a data signal or a strobe signal. That's absolutely true. The problem is Claim 1 is very specific about the data path it cares about. It cares about the data path that is the one corresponding to each data signal line in the respective set of data strobe signal lines. We can now go to the specification. What is your response to the argument that opposing counsel was making about the is in sort of language? I felt like in addition to the fact that, as we can see in the actual final written decision, there is a specific claim construction, he seemed to think that the board was making a further sort of definition of the corresponds to, and I want a direct response to that. I don't read the board's decision that way, and the board, in fact, explicitly addressed and rejected Samsung's argument that it was conflating data path and data signal line at Appendix 17. What the board was saying is that the data path of interest is the path that data signals travel from inside the buffer from the data signal line on one side of the buffer to the data signal line that comes out on the other side of the buffer, and that's consistent throughout the board's entire discussion at Appendix. I mean, it's a little bit of an odd statement that the board made on 17 about the data path must be in the data signal line, but, you know, that statement does, in my view, reading the board's decision in its entirety doesn't really do anything much to undermine it. I agree, Your Honor. I think what the board was saying, if you read the discussion in context, is that the data path that we care about, and you can see this explicitly in Figure 3, which is reproduced and annotated at page 34 of our red brief. The data path that we care about is the one that's inside the buffer and is corresponding to a specific data signal line that comes into that buffer and then goes out of that buffer on the other side. That's what the board was saying. That's correct. It's supported by Figure 3. It's supported by Figure 16 of the patent, which shows the path corresponding to the data signal line in detail and specifically depicts a delay circuit on that path. Who's the person skilled in the art in this case? I find the technology pretty challenging, so I'm just curious. The board's definition... Sorry to take your time. Oh, no, not at all, Your Honor. The board adopted a definition that you can find at Appendix 8 to 9, which is a person with an advanced degree in electrical or computer engineering and two years' work experience in the field of memory module design and operation, and then it goes on to say that they would have familiarity with industry standards and usual components that are used in these sorts of devices. And so as I've been discussing, the intrinsic evidence uniformly supports our construction. Samsung, in contrast, doesn't have any intrinsic evidence to commend its construction, and that may be why Samsung's claim construction arguments in this appeal are kind of upside down. Samsung leads with cases construing the phrase corresponding to in completely different contexts, and then it pivots to extrinsic evidence about the purpose of strobe signals, which the board addressed and rejected, and only then does it discuss the intrinsic evidence in passing. So the court can resolve this issue, I think, based on the intrinsic record alone. The board's decision is completely correct based on the intrinsic record. If you want to go to extrinsic evidence, the record there is one-sided in our favor, too. Our expert explained in detail in evidence that the board cited why a skilled artisan would read the claim the way the board did. You can find that in Appendix 7248, Paragraph 70. That begins with Paragraph 70, and the discussion goes through Paragraph 81. Samsung doesn't have any contrary expert testimony. Its expert ignored this issue in his opening declaration, and Samsung didn't submit anything from him in reply. All Samsung can muster is attorney argument that data and strobe signals have to be tightly correlated, but as we explained in our briefing, it is undisputed that that correlation is temporal and the data and the strobe signals travel on separate dedicated signal lines. And so for all those reasons, the board's construction is correct, and this court should affirm. I'm happy to answer any questions about claim construction or any other issues raised, but since my friend addressed only claim construction, I will cede the balance of my time unless there are questions. Thank you, counsel. Mr. Hawes has some rebuttal time. Thank you, Your Honor. Thank you, Your Honor. I think we agree that intrinsic evidence is what's critical here, and what's critical is the structure of the claims, and so I'd like to just look specifically at the structure of the claims in my last three minutes. And so do you agree that we only need to reach the intrinsic evidence here? We don't need to get to the actual structure? We agree. We believe the intrinsic evidence is on all four feet with what's going on here. So let's look at Claim 1. We have the corresponding two languages. We've discussed that. So, I mean, I think we're all in good shape there. The next part of Claim 1 that's critical, and it's the next part that refers to the data path, is in 1F. And if you look in our brief where we've got the claim in the front page of our brief, at the bottom of the first page of Claim 1, you'll see the very last line. It talks about delaying a signal through the data path. That's the language in 1F. It's not a data signal through the data path. It's a signal through the data path. Obviously, the patentee could have easily said a data signal if they thought this was only about data signals. They didn't. But that's further confirmed when you move to Claim 2. I 100% agree with my colleague. Claim 2 is referring back to the data path. So Claim 2 is critical in understanding what the data path can include. And Claim 2, at the very end, says the signal through the data path is a signal associated with the second memory operation. Again, that's a very broad. There are a lot of signals associated with the second memory operation. It is not just the data signal. So again, the claims are not consistent with the idea that the data path can only carry data signals. And that is confirmed in Claim 10. Claim 10 tells us that when Claim 2 says a signal associated with the second memory operation, it's including strobe signals. And I'm looking here at the very first clause of Claim 10. In the middle of it, it says a strobe signal associated with the second memory operation. So we know that when they were drafting these claims, they thought that strobe signals and data signals are both associated with the second memory operation. We know that those are the types of signals they thought would be in the data path. And now we get a construction that says, no, no, no, only data signals in the data path. Do you have any thoughts for the figures that opposing counsel identified to help us overall consider the claim construction on this point? I didn't seem to go into them in detail, but in their brief, they do refer to figures 15 and 16, Your Honor. In his argument, he just pointed us to figure 16, so you can just focus on that. So in terms of figure 16, we're talking about specific data paths, not the data path of Claim 1. If you look at the description of what's going on in those figures, it's a read data path, it's a write data path. These are specific data paths, not the more general data path in Claim 1, which Claim 2 tells us is associated with all of the signals. So those figures are about something very different than the data path in Claim 1. Claim 1 is specifically written so that it can handle any memory operation. They wrote it broadly for that very reason. The figures they then point to are specific embodiments, which this Court says you don't limit a claim to a specific embodiment, and they're specific embodiment with specific data paths. So nothing in that language would suggest, under this Court's precedent, that we should narrow Claim 1 to only include the embodiments of Claims 15 and 16. Instead, this Court's precedent says, look at Claim 1 in view of dependent claims that tell us at least the signals associated with the second memory operation need to be able to travel on that data path, and we know just from that that the Board was wrong to limit data path to only those data signals. So hopefully that addresses your question. Unless you have more questions, I think that's the bottom line here. A remand with just the Board being told it's not just data signals, the claims require that the data path can handle the signals from the second memory operation, including strobe signals, would allow the Board to assess the fire arc properly and determine whether these claims are valid. Thank you, Your Honor. Thank you to both counsel for cases submitted.